## WARREN FEATHERBONE CO. v. ROBERTS & CO.

(Circuit Court, E. D. Pennsylvania. March 18, 1904.)

### No. 15.

1. PATENTS—INFRINGEMENT—DRESS COLLARS.
   The Warren patent, No. 669,152, for a frame or foundation for collars for dresses, claim 2, construed, and *held* not infringed.

In Equity. Suit for infringement of letters patent No. 669,152, for a collar foundation, granted to Edward K. Warren March 5, 1901. On final hearing.

Seabury C. Mastick, for complainant.

Redding, Kiddle & Greeley, for respondent.

ARCHBALD, District Judge.* The patent in suit was issued to Edward K. Warren March 5, 1901, for a frame or foundation for the collars of dresses. Its novelty is attacked by numerous references, as well as by evidence of use in several prior instances, and question is also made as to the patentability of what is claimed to be a simple and obvious device. It is sufficient, however, to decide that, under the construction to be given to the claim relied on, the articles' manufactured by the defendants do not infringe.

The first claim of the patent is for a special form, which is not copied. The only remaining claim is as follows:

"(2) In a collar or stock foundation, the combination of a lower band, an upper band of lighter material, and intermediate connecting portions of varying lengths to support said upper band at varying distances from said lower band, said parts being formed of stiffening material, for the purpose specified."

It is an essential of the combination so described that there should be not only a lower and an upper band, but, by comparison, that the two should be different; the one being composed of material characteristically lighter than the other. The plaintiffs contend that the upper band is simply required to be more flexible, and that this is the construction to be given to the words "of lighter material." But while greater flexibility may be the result, and may even have been proposed by the inventor, we are not concerned with the end to be attained, so much as with the means which have been selected for doing so, as expressed in the claim. In the collar frame manufactured by the defendants, both bands are alike, and the same is true of those which the plaintiffs themselves put forth. The greater flexibility of the upper band is due, in both, entirely to its form and its position when in use, and not to any difference in material. The lower band fits down upon the neck, and does not give way, being evenly sustained throughout, while the upper band yields simply because it does not have the same support. If the two were made to change places, not simply by reversing the frame, but by actually substituting the lower band for the upper, and the upper for the lower, they would be found to be identical, and the result unchanged. Regardless, therefore, of the sense imputed by the plaintiffs to the words "of lighter material," the bands do not differ, as they make them, except for the accident of place. The upper band, as the frame is constructed, may be more pliable, but the material is the same. But this does not satisfy the terms of the patent, which, whatever be the sense in which it is to be taken, requires that they should vary. "But," says counsel, conscious of the inconsistency, "this meaning of the words 'lighter material' does not necessarily mean that the upper band must be lighter, in the sense of having a greater degree of flexibility, however attained, than the lower band, because both the lower and the upper band may have practically the same degree of flexibility. All that a fair and reasonable inter-

* Specially assigned.

pretation requires is that the upper band shall be sufficiently flexible to yield to the movement of the neck and chin of the wearer. It follows, therefore, that the two bands may be of substantially equal flexibility, provided the lower band is sufficiently strong to support the rest of the structure. In other words, the expression 'of lighter material' is merely descriptive of the fact that the patentee desired it understood that the upper band should be sufficiently flexible for the several purposes and objects set forth in the specification." But a construction which requires such extremes to sustain it is essentially unsound. The difficulty with it is that it not only varies from the plain reading of the patent, but it puts aside its express terms. The claim calls for an upper band of "lighter material." Granting, for the sake of argument, that this means simply more flexible or yielding, it still applies to the material of which the band is composed, as distinguished from the band itself, and requires it to be comparatively different— whether lighter in weight, or simply more pliable—from the material which composes the other. The contention of the plaintiffs, in its final analysis, is that this does not need to be so; that all that is necessary is that the upper band shall be sufficiently yielding to be effective; and that the material of both bands, as well as the bands themselves, inherently and structurally, may be one and the same. But unfortunately this is not what the patent says, and, except as it can be made to do so, which it cannot, the defendants do not infringe.

Let a decree be drawn dismissing the bill on the ground of noninfringement, with costs.